UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON, | No.  2:21-cv-01896-CKD P |
| Plaintiff, | |
| v. | ORDER |
| K. ALLISON, et al., | |
| Defendants. | |

      Plaintiff is a state inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      On September 29, 2022, the court dismissed plaintiff's second amended complaint but granted him leave to amend.  ECF No. 19.  The amended complaint was dismissed because the court was unable to "discern from the numerous allegations whether this is a case of retaliation, deliberate indifference to serious medical needs, the failure to protect plaintiff from harm by other inmates, or a habeas corpus challenge to plaintiff's criminal conviction."  ECF No. 19 at 7.  Plaintiff was warned that "his continued failure to improperly join multiple unrelated defendants into a single civil action will result in a recommendation that this matter be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."  Id.

      On October 26, 2022, plaintiff filed a third amended complaint that is now before the

1

court for screening. ECF No. 20.

## I. Screening Requirement

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Allegations in the Third Amended Complaint

In his third amended complaint, plaintiff clarifies that all information about his 1992 criminal conviction is "for reference only" and is not for the purpose of "challenging the fact of imprisonment and lawfulness of the conviction." ECF No. 20 at 2.[1]

While plaintiff has narrowed the focus of his amended complaint, the allegations still consist largely of sweeping conclusory statements that do not contain any supporting facts.[2] Named as defendants are various correctional, medical, mail, grievance, and John Doe officers employed at Mule Creek State Prison as well as the prison warden and the Secretary of the California Department of Corrections and Rehabilitation ("CDCR").

Plaintiff generally alleges that the CDCR Secretary, prison warden, the associate warden and John Does 26-40 failed to intervene on his behalf in their supervisory capacity over the remaining defendants. ECF No. 20 at 4. Thus, according to plaintiff, these defendants were

---

[1] Therefore, the court disregards any and all potential habeas corpus claims referred to in the third amended complaint. When a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus which plaintiff would seek under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Also, to the extent plaintiff seeks damages, plaintiff is informed he cannot proceed on a §1983 claim for damages if the claim implies the invalidity of his conviction or sentence. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

[2] This screening order is limited to the factual allegations against specific named defendants in the third amended complaint. The allegations bereft of factual support are not mentioned herein for the purposes of judicial economy. These include, but are not limited to, the "general abuse and punishment caused by this sexual experimentation with invasion of privacy torts," plaintiff's "active health problems," and the "lagal [sic] claims for relief" sections of the amended complaint.

deliberately indifferent to his constitutional rights. Id.

Since September 11, 2001, defendants Rudas, Wong, and John Does 11-20 used chemical solutions on plaintiff's food and the air he breathes causing a throat infection, stomach ulcers, skin irritations, blood pressure changes, and a chicken pox infection. ECF No. 20 at 7. These same defendants denied plaintiff unspecified medical care before and after plaintiff's hospitalization on April 11, 2017. ECF No. 20 at 8. Lastly, these defendants ordered plaintiff transferred to the gym in January 2021 in order to harass him. ECF No. 20 at 9.

On March 17, 2021, defendants Holmes, McTaggact, Gamez, and Brones conducted cell searches and unlawfully confiscated and disposed of plaintiff's personal property without due process. Id. at 9.

In May and July 2021, defendants Brones, Tillary, and Gamez denied plaintiff a job as a kitchen worker. Id. at 10.

On December 16, 2021, defendants Mora, Vue and Brones opened plaintiff's cell door and watched as plaintiff was assaulted by another inmate.

### III.   Legal Standards

#### A.  Linkage Requirement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

#### B.  Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their

subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

**C. Loss of Property**

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

**D. Retaliation**

Prison officials generally cannot retaliate against inmates for exercising First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532. The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). In order to state a claim for retaliation, plaintiff must also point to facts indicating a causal

connection between the adverse action and the protected conduct.  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

### IV. Analysis

After conducting the required screening, the court finds that plaintiff may proceed on the Eighth Amendment failure to protect claims against defendants Brones, Mora, and Vue.  The property claims against defendants Holmes and McTaggact fail to state a cognizable claim for relief based on the availability of a meaningful postdeprivation remedy provided under California law.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Plaintiff does not allege that the denial of a kitchen job and any of the harassment against him was done in retaliation for any protected conduct in which he engaged.  See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).  Therefore, these allegations against defendants Gamez, Tillary, Wong, and Brones fail to state a claim upon which relief may be granted.  The allegations against defendants Allison and Covello are based entirely on their supervisory capacity of the remaining defendants.  However, plaintiff has not alleged any facts indicating that these defendants either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).  These allegations therefore fail to state a claim against defendants Allison and Covello.  The claims related to the use of chemical solutions and denial of unidentified medical care by defendants Rudas and Wong are too conclusory to state a cognizable claim for relief.  These vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**Plaintiff has the option of: 1) proceeding immediately on the Eighth Amendment failure to protect claims against defendants Brones, Mora, and Vue; or, 2) he may attempt to cure the defects with respect to the remaining claims and defendants by filing a fourth amended complaint.**  See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).   If plaintiff chooses to proceed on the Eighth Amendment failure to protect claims found cognizable in this screening order, the court will construe this as a request to

5

voluntarily dismiss the remaining claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. Plaintiff is granted leave to file a fourth amended complaint should he decide that he does not want to immediately proceed on the Eighth Amendment failure to protect claims against defendants Brones, Mora, and Vue that were found cognizable in this screening order.

If plaintiff chooses to further amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in any amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.      Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the third amended complaint state claims for relief against the defendants, and some do not. You must decide if you want to (1) proceed immediately on the Eighth Amendment failure to protect claims against defendants Brones, Mora, and Vue; or, (2) amend the complaint to fix the problems identified in this order with respect to the remaining claims and defendants. Once you decide, **you must complete the attached Notice of Election**

**form by checking only one box and returning it to the court.**

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next. If you do not return this Notice, the court will construe this failure as consent to dismiss the non-cognizable claims and will order service of the complaint only on the Eighth Amendment failure to protect claims against defendants Brones, Mora, and Vue.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has the option to: 1) proceed immediately on the Eighth Amendment failure to protect claims against defendants Brones, Mora, and Vue; or, 2) he may attempt to cure the defects identified in this order with respect to the remaining claims and defendants by filing a fourth amended complaint

2. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened third amended complaint or whether he wants time to file a fourth amended complaint to fix the deficiencies with respect to the remaining claims and defendants.

3. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to proceed only on the cognizable claims identified in this screening order and to dismiss the remaining claims and defendants.

Dated: February 28, 2023

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

12/cald1896.option.TAC

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN CARLOS CALDERON,

    Plaintiff,

v.

K. ALLISON, et al.,

    Defendants.

No. 2:21-cv-02186-DAD-CKD

<u>NOTICE OF ELECTION</u>

**Check only one option:**

_____   Plaintiff wants to proceed immediately on Eighth Amendment failure to protect claims against defendants Brones, Mora, and Vue. Plaintiff voluntarily dismisses the remaining claims and defendants.

_____   Plaintiff wants time to file a fourth amended complaint.

DATED:

                                                          _____
                                                             Plaintiff