UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>Plaintiff,<br><br>v.<br><br>K. ALLISON, et al.,<br><br>Defendants. | No. 2:21-cv-01896-CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California inmate proceeding pro se and in forma pauperis in this federal civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court is plaintiff's fourth amended complaint.

**I.  Screening Requirement**

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

**II.  Procedural History**

This case was originally filed by plaintiff on October 13, 2021. On January 20, 2022, the

1

court screened plaintiff's complaint and concluded that it contained too many vague and conclusory allegations to be able to determine whether it stated any cognizable claims for relief or was frivolous. ECF No. 9. The court dismissed plaintiff's complaint, but granted him leave to amend. ECF No. 9. The screening order provided plaintiff with the relevant legal standards that appeared to apply to his allegations and advised him that unrelated claims against different defendants must be pursued in separate lawsuits. Id. at 8.

Before the court could screen plaintiff's first amended complaint, he filed a 27 page motion for leave to amend to add defendants "and more accurate claims." ECF No. 17. The court construed this pleading as plaintiff's second amended complaint and screened it by order dated September 29, 2022. ECF No. 19. In his second amended complaint, plaintiff disregarded the rules pertaining to the proper joinder of multiple claims and defendants and expanded rather than narrowed his allegations. See ECF No. 19 at 7 (screening order). Plaintiff was granted "one last chance to conform his amended complaint to the civil pleading rules" and was warned that "his continued failure to improperly join multiple unrelated defendants into a single civil action will result in a recommendation that this matter be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." ECF No. 19 at 7. Plaintiff's second amended complaint was dismissed with leave to amend as to "those claims against different defendants that arise out of the same transaction or occurrence, or that involve a common question of law or fact." ECF No. 19 at 7.

In screening plaintiff's third amended complaint, the court gave plaintiff the option of proceeding on the Eighth Amendment failure to protect claims against defendants Brones, Mora, and Vue, or, of filing a fourth amended complaint to attempt to cure the defects with the remaining claims and defendants identified in the court's screening order. ECF No. 23 at 5. The court also advised plaintiff that a civil rights action was not the correct procedural vehicle for seeking his immediate release from custody. ECF No. 23 at 2, n. 1. Plaintiff elected to file a fourth amended complaint rather than proceed on the claims found cognizable in the amended complaint. ECF No. 24.

/////

### III. Allegations in the Fourth Amended Complaint

Plaintiff filed a fourth amended complaint that once again expands the number of claims as well as defendants in contravention of this court's prior screening orders. Named as defendants are the Secretary of the CDCR, the warden and associate wardens of Mule Creek State Prison, and John Does 1-50. ECF No. 25 at 2. Plaintiff generally complains of 20 years of "abuse; torts; excessive confinement; punishment; causation of health problems; denial of health care under deliberate indifference to cause deadly harm; misery; mental anguish; emotional distress; invasion of privacy; isolation inside prison settings due to the unlawfully censored/confiscated/disposed mail without legal cause/reason; and total denial of all rights to freedom of expression/association/media/press/education/social rehabilitation; due process of law; equal protection of the law; health; safety; parole suitability as a lifer prisoner… in violation of the First, Fifth, Sixth, Eighth, and Fourteenth Amendments…." ECF No. 25 at 1.

This amended complaint also contains a renewed motion for the appointment of counsel. ECF No. 25 at 7-8. Plaintiff separately filed four separate motions for emergency and/or injunctive relief. ECF Nos. 26-29.

### IV. Analysis

Plaintiff's fourth amended complaint does not satisfy the pleading requirements delineated by the Federal Rules of Civil Procedure, nor does it comply with this court's prior screening orders. The allegations are no more plain or comprehensible as required by Rule 8 of the Federal Rules of Civil Procedure than prior complaints which were dismissed. Plaintiff has filed an amended complaint that contains assertions of a 20 year conspiracy between mostly unnamed John Doe defendants. Plaintiff has been repeatedly warned against bringing unrelated claims against different defendants in a single lawsuit. Additionally, the only named defendants in the fourth amended complaint are supervisory officials. The court has repeatedly advised plaintiff that government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Despite these various warnings, plaintiff simply ignored the court's prior screening orders. As a result, the undersigned recommends that the fourth amended complaint be dismissed without

3

leave to amend.

"District courts have inherent power to control their dockets," Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986), and "may dismiss an action for failure to comply with any order of court," Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (citing Fed. R. Civ. P. 41(b)). In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Id. at 1260-61 (quoting Thompson, 782 F.2d at 831; Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986)). The five-factor test is a balancing test, so not all five factors need to support dismissal for it to be found appropriate. Valley Engineers Inc. v. Elec. Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

The first two factors indicate that this case should be dismissed. It is important that the court manage its docket without being subject to the routine noncompliance of litigants, Ferdik, 963 F.2d at 1261, and the public's interest in expeditious resolution of litigation always weighs towards dismissal, Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999), superseded by statute on other grounds. Here, the court told plaintiff on multiple occasions that his amended complaint must contain a short, plain statement, should omit supervisory officials who are generally not liable under § 1983, and that he should not include unrelated claims and defendants in a single cause of action. Additionally, this case was initiated in 2021, and has not moved beyond the screening phase despite the court's specific instructions on how to raise a cognizable claim for relief. Plaintiff's continued failure to comply with the instructions has led to this case consuming "large amounts of the court's valuable time that it could have devoted to other major and serious... cases on its docket." Ferdick, 963 F.2d at 1261. Therefore, the first two factors weigh in favor of dismissal.

The risk of prejudice to defendants also weighs more heavily towards dismissal even though this case has not been served on any defendant. The Ninth Circuit "has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the

absence of a showing of actual prejudice to the defendant from the failure." Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (citations omitted). This is because "[t]he law presumes injury from unreasonable delay." Id. (citing States S.S. Co. v. Philippine Air Lines, 426 F.2d 803, 804 (9th Cir. 1970)). Here, plaintiff has repeatedly failed to obey the court's orders regarding the amendment of his complaint, resulting in the complaint remaining unserved. His repeated failure to comply with the court's instructions, as well as the Federal Rules of Civil Procedure, creates undue delay, prejudices defendants, and overburdens the court.

The fourth factor weighs against dismissal, since "public policy strongly favors disposition of actions on the merits." Yourish, 191 F.3d at 992 (citation and internal quotation marks omitted).

Finally, the availability of less drastic alternatives also weighs towards dismissal. The court does not need to explore every option before dismissing a case. Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). The court only needs to ensure that "possible and meaningful alternatives be reasonably explored, bearing in mind the drastic foreclosure of rights that dismissal effects." Id. In addition, "case law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement." Malone v. U.S. Postal Service, 833 F.2d 128,132 (9th Cir. 1987) (citations omitted). Here, the court explored alternatives to dismissal. The court explicitly told plaintiff what was wrong with his complaints and gave him specific instructions on how to remedy the problems on multiple occasions. In addition, the court granted plaintiff's motion for an extension of time to comply. The court warned plaintiff that failure to comply with the court's instructions would result in a recommendation of dismissal. Plaintiff has demonstrated that he is unable or unwilling to cure deficiencies identified by the court. Thus, providing him another opportunity to comply appears futile. As a result, the court is justified in concluding that there are no less drastic alternatives, and the fifth factor weighs in favor of dismissal.

In this case, four out of the five Ferdik factors weigh in favor of dismissal. As a result, the court concludes that the fourth amended complaint should be dismissed without leave to amend for failure to comply with court orders.

### V. Motion for the Appointment of Counsel

In light of the court's recommendation to dismiss the fourth amended complaint without further leave to amend, the undersigned denies plaintiff's motion for the appointment of counsel as moot.

### VI. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

It is recommended that your fourth amended complaint be dismissed because you have failed to follow the Federal Rules of Civil Procedure and the prior screening orders of this court. Given the repeated failure to follow instructions, allowing you to amend the complaint would be futile because it would not fix the issues with the amended complaint.

If you disagree with this recommendation, you have 14 days from the date of this order to explain why it is not the correct result. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will make the final decision in this case.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's renewed motion for the appointment of counsel (ECF No. 25 at 7-8) is denied as moot in light of the court's recommendation to dismiss the fourth amended complaint without leave to amend.
2. The Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's fourth amended complaint be dismissed without leave to amend for failing to comply with a court order.
2. All pending motions (ECF Nos. 26-29) be denied as moot.
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 1, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/cald1896.4thAm.F&R