UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>              Plaintiff,<br><br>   v.<br><br>K. ALLISON, ETAL.,<br><br>             Defendants. | No. 2:21-cv-01896-KJM-CKD P<br><br>ORDER |

      Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. This court adopted the magistrate judge's findings and recommendations and dismissed the complaint without leave to amend for failing to comply with the court's order. Prior Order (Aug. 28. 2023), ECF No. 36. Plaintiff then filed a letter asking the court to "stop ongoing corruption with abuse of power/authority," which this court construes as a motion to reconsider. Letter at 1, ECF No. 38.

      A motion for reconsideration or relief from judgment is appropriately brought under either Federal Rule of Civil Procedure 59(e) or Rule 60(b). *Fuller v. M.G. Jewelry*, 950 F. 2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v. Knapp*, 871 F. 2d 803, 805 (9th Cir. 1989)). The motion "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is

1

filed [within the time provided by that Rule]." *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (citations omitted). Since petitioner's motion for reconsideration was filed within twenty-eight days of the entry of judgment, the motion is considered under Rule 59(e).

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted). Further, Local Rule 230(j) requires a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)-(4).

The court finds plaintiff does not present any newly discovered evidence; he also does not argue the court has committed clear error or made an unjust decision or point to a change in controlling law. *See generally* Letter. Instead, plaintiff voices his disagreement with his underlying conviction and the court's handling of his case. But "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of that which was already considered by the [c]ourt in rendering its decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (citations and quotations omitted). Thus, plaintiff's motion has not met the standard under Rule 59(e) and the motion is **denied.**

This order resolves ECF No. 38.

IT IS SO ORDERED.

DATED: August 31, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE